Filed
2018 APR 26 AM 10: 24

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

Case No. 6:18-cv-_00651_-Orl-_40-KRS_

YANIS ROCK,

    Plaintiff,

vs.

PROFESSIONAL DEBT MEDIATION, INC.,
a Florida corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, YANIS ROCK, by and through his undersigned counsel, hereby files his Complaint and Demand for Jury Trial, sues the Defendant, PROFESSIONAL DEBT MEDIATION, INC., and alleges as follows:

1. This lawsuit is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692-1692o and Florida Consumer Collection Practices Act (FCCPA"), seeking actual damages, statutory damages, attorney's fees and costs.

2. This Court has jurisdiction over the subject matter by virtue of Section 813 (d) of Fair Debt Collection Practices Act, 15 U.S.C. §§1692k(d); 28 U.S.C. §§1331, 1337, 1367; and 47 U.S.C. §227.

3. Plaintiff, YANIS ROCK, (hereinafter referred to as "Plaintiff" or "ROCK"), brings this action for illegal practices of Defendant in connection with its attempts to collect an alleged debt from him.

- 1 -

4. Plaintiff alleges, among other things, that Defendant, PROFESSIONAL DEBT MEDIATION, INC. violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559, et seq. ("FCCPA").

5. The FDCPA regulates the behavior of collection agencies attempting to collect a debt. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

6. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Eleventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010).

7. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6).

## I. PLAINTIFF

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55.

9. Plaintiff is a "debtor" as that term is defined by Fla. Stat. § 559.55(2).

## II. PARTIES - DEFENDANT

10. Defendant, PROFESSIONAL DEBT MEDIATION, INC., is a collection agency operating from an address of 7948 Baymeadows Way, 2nd Floor, Jacksonville, Florida 32256 and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and Section 559.55(7).

11. Defendant, PROFESSIONAL DEBT MEDIATION, INC. collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

12. Defendant has knowledge and control of the collection activities of their agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

## III. FACTS

13. Plaintiff, YANIS ROCK, is alleged to have incurred a financial obligation and is alleged to have defaulted on that obligation.

14. The foregoing alleged financial obligation is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

15. The debt referred to above was later transferred or assigned to the Defendant for the purpose of collection.

16. Defendant made the following telephone calls to Plaintiff in an attempt to collect a debt:

    4/18/18    15:38
    4/19/18    09:04

17. The telephone call on April 18, 2018 from Defendant to Plaintiff was an "initial communication" as that term is defined by 15 USC 1692g.

18. Section 809 of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g provides:

> (a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

19. Defendant violated the FDCPA when it (1) willfully and intentionally failed to give Plaintiff the mandatory notice of consumer rights contained under § 1692g(a), including his right to dispute the alleged debt; (2) denied his right to dispute the debt; (3) failed to disclose that it is a debt collector; and (4) refused to verify the alleged debt as requested by him.

20. An injury-in-fact, as required by Article III of the U.S. Constitution, "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing . . . ." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982); *see also Palm Beach Golf Ctr.-Boca, Inc. v. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1251 (11th Cir. 2015).

21. The FDCPA requires that debt collectors include certain disclosures in an initial communication with a debtor, or within five days of such communication. See 15 U.S.C. § 1692e(11); 1692g(a)(1)-(5).

22. The FDCPA authorizes an aggrieved debtor to file suit for a debt collector's failure to comply with the Act. See 15 U.S.C. § 1692k(a) ("[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person ] . . . .")

23. Thus, through the FDCPA, Congress has created a new right—the right to receive the required disclosures in communications governed by the FDCPA — and a new injury — not receiving such disclosures.

- 6 -

24. Plaintiff did not receive any communication of the FDCPA's required disclosures.

25. Plaintiff has sustained a concrete—i.e., "real"—injury because he did not receive the allegedly required disclosures.

26. The invasion of Plaintiff's right to receive the required disclosures is not hypothetical or uncertain.

27. Plaintiff did not receive information to which he alleges he was entitled.

28. As a result of the foregoing, Plaintiff has experienced considerable worry, embarrassment, frustration, anger, distress, and concern.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff sues the Defendant, PROFESSIONAL DEBT MEDIATION, INC. and repeats and realleges the allegations in paragraphs 1 through 28 hereof.

30. The collection calls from Defendant, PROFESSIONAL DEBT MEDIATION, INC. and its attempt to collect a debt, were in violation of Section 809 of the FDCPA, 15 U.S.C. §1692g(a) which provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing   [(1) – (5)]

31. Defendant failed to send the notice required by Section 809 of the FDCPA, 15 U.S.C. §1692g(a).

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7, Fed.R.Civ.P. 38.

WHEREFORE, Plaintiff prays for this Court:

a. To declare that Defendant, PROFESSIONAL DEBT MEDIATION, INC. has violated the FDCPA;

b. To award Plaintiff actual damages sustained as a result of the Defendant's failure to comply with the FDCPA, including pain and suffering and loss of income;

c. To award Plaintiff statutory damages not to exceed $1,000.00;

d. To award Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

e. To award Plaintiff his reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

f. To award such other and further relief as the Court deems proper.

## COUNT II
## FAIR DEBT COLLECTION PRACTICES ACT

32. The allegations in paragraphs 1 through 28 are incorporated by reference herein.

33. The calls from the Defendant to Plaintiff were in violation of Section 806 of the FDCPA, 15 U.S.C. §1692d which provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

      \*      \*      \*      \*      \*

(6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.

34. The calls from the Defendant to Plaintiff were also in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e(11) which provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

      \*      \*      \*      \*

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector. . .

35. Plaintiff argues that Defendant violated the foregoing sections of the Fair Debt Collection Practices Act by failing to provide Plaintiff with proper notices and disclosures.

36. The acts and omissions of Defendant's agents, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7, Fed.R.Civ.P. 38.

WHEREFORE, Plaintiff prays for this Court:

a. To declare that Defendant has violated the FDCPA;

b. To award Plaintiff actual damages sustained as a result of the Defendant's failure to comply with the FDCPA;

c. To award the Plaintiff statutory damages not to exceed $1,000.00;

d. To award Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

e. To award Plaintiff her reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

f. To award such other and further relief as the Court deems proper.

## COUNT III
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

37. Plaintiff sues the Defendant, PROFESSIONAL DEBT MEDIATION, INC., and repeats and realleges the allegations in paragraphs 1 through 28 hereof.

38. Plaintiff is an individual who resides in the State of Florida.

39. Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

40. Defendant is a person as defined in §1.01(3), Fla. Stat.

41. Section 559.72 of the Florida Statutes provides, in part, as follows:

Prohibited practices generally. — In collecting consumer debts, no person shall:

\*          \*     \*          \*

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, **or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.**

42. Defendant has knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

43. The conduct on the part of the Defendant as alleged herein evidences a purpose to inflict insult and injury, or was wholly without excuse." (*Story v JM Fields*, 343 So. 2d 675 (Fla First DCA 1977).

44. All conditions precedent to the filing of this action have occurred, been fulfilled or waived.

45. Plaintiff's damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

46. As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorney's fees and costs.

47. Plaintiff is entitled to damages under Fla. Stat. §559.77.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the Florida Consumer Collection Practices Act and declaratory and injunctive relief for the Defendant's violations of the FCCPA.

    B. That Defendant be enjoined from any and all further illegal collection practice.

    C. Actual damages pursuant to Fla. Stat. §559.77(2).

    D. Statutory damages against each Defendant pursuant to Fla. Stat. §559.77(2).

E.  To award Plaintiff punitive damages;

F.  Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

G.  For such other and further relief as may be just and proper.

DATED this 26 April 2018.

_____
N. James Turner, Esq.
Counsel for Plaintiff
Florida Bar No. 0203041
100 S. Bumby Avenue
Orlando, FL 32803
(888) 877-5103
Email address:  njtlaw@gmail.com